UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DOROTHY BEVER, an individual, a/k/a
"DOTTI BEVER,"

     Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES, LLC,
a Georgia limited liability company, EXPERIAN
INFORMATION SOLUTIONS, INC., an Ohio
corporation, TRANSUNION, LLC, a Delaware
limited liability company, CHASE BANK, N.A.,
a national banking association, and LVNV FUNDING,
LLC, a Delaware limited liability company,

     Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Dorothy Bever, an individual, also known as "Dotti Bever," by and through her

undersigned attorneys, sue Defendants, Equifax Information Services, LLC, a Georgia limited

liability corporation, Experian Information Solutions, Inc., an Ohio corporation, TransUnion,

LLC, a Delaware limited liability company, Chase Bank, N.A., a national banking association,

and LVNV Funding, LLC, a Delaware limited liability company, and alleges:

### *GENERAL ALLEGATIONS*

### Preliminary Statement

1.     This is an action for actual, statutory and punitive damages, costs and attorneys

fees brought pursuant to 15 U.S.C. §1681, *et seq.*, known more commonly as the "Fair Credit

Reporting Act" ("the Act").

## *JURISDICTION*

2.      The jurisdiction of this Court is established pursuant to 15 U.S.C §1681p and 28 U.S.C.§1367.

## *ALLEGATIONS AS TO PARTIES*

3.      At all times material hereto, Plaintiff, Dorothy Bever, also known as "Dotti Bever" ("Mrs. Bever"), was *sui juris* and a resident of Palm Beach County, Florida.

4.      At all times material hereto, Ms. Bever was a "consumer" as said term as said term is defined under 15 U.S.C. §1681a(c).

5.      At all times material hereto, Defendant, Equifax Information Services, LLC ("Equifax"), was a Georgia limited liability company doing business in Palm Beach County, Florida.

6.      At all times material hereto, Defendant, TransUnion, LLC ("TransUnion"), was a Delaware limited liability company doing business in Palm Beach County, Florida.

7.      At all times material hereto, Defendant, Experian Information Solutions, Inc. ("Experian"), was an Ohio corporation doing business in Palm Beach County, Florida.

8.      At all times material hereto, Equifax, TransUnion and Experian ("CRAs") were "consumer reporting agenc(ies)" as said term is defined under 15 U.S.C. §1681(f).

9.      At all times material hereto, the CRAs were regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. §1681(d) to third parties.

10.     At all times material hereto, the CRAs disbursed such consumer reports to third

parties under a contract for monetary compensation.

11.     At all times material hereto, Chase Bank, N.A. ("Chase"), was a national banking association.

12.     As part of its business operations, Chase extended credit to consumers and businesses for both installment and open-ended credit agreements.

13.     At all times material hereto, LVNV Funding, LLC ("LVNV"), was a Delaware limited liability company doing business in Palm Beach County, Florida.

14.     At all times material hereto, LVNV was a purchaser of consumer and commercial accounts from third parties such as Chase.

### *FACTUAL ALLEGATIONS*

15.     Several years prior to the filing of the instant action, the late husband of Plaintiff, Ralph W. Bever, Jr. ("Mr. Bever"), opened an account with Chase under an account number ending in 6600 ("Disputed Account").

16.     Mrs. Bever did not open the Disputed Account and was only an authorized user of same.

17.     Mr. Bever passed away on August 16, 2009.

18.     Subsequent to the passing of Mr. Bever, Chase began to send bills to Mrs. Bever in the name of Mrs. Bever despite the fact that Mrs. Bever had never opened the Disputed Account. Indeed, prior to the death of Mr. Bever, all monthly statements from Chase on the Disputed Account were sent to Mr. Bever in his own name and not that of his wife.

19.     After Mrs. Bever began to receive monthly statements from Chase, Mrs. Bever repeatedly informed Chase that the Disputed Account was not the obligation of Mrs. Bever and

-3-

that Mrs. Bever was only an authorized user.

20.     After a period of several months, Chase stopped sending any further monthly statements to Mrs. Bever.

21.     Apparently, instead of removing Mrs. Bever from the Disputed Account, Chase sold the Disputed Account to LVNV under unknown terms and for unknown consideration.

22.     Notwithstanding the fact that Mrs. Bever as the authorized user of the Disputed Account was not liable under state law for the obligations of her late husband, both Chase and LVNV reported negative information concerning the Disputed Account including but not necessarily limited to false information that Mrs. Bever was responsible for the remaining balance of the Disputed Account, that the Disputed Account was delinquent and that Mrs. Bever owed thousands of dollars on the Disputed Account ("Account Liability Representation").

23.     Mrs. Bever repeatedly disputed the inaccurate information with respect to the Disputed Account in writing to the three CRAs and to Chase and LVNV directly ("Dispute Notices"). In her repeated disputes, Mrs. Bever informed Defendants as follows:

- that the Disputed Account was not that of Mrs. Bever;
- that the account payment history was inaccurate as Mrs. Bever was never obligated to pay the Disputed Account and therefore could not be delinquent; and
- that Mrs. Bever did not owe a delinquency on the Disputed Account.

24.     Upon receipt of the dispute of the account from Mrs. Bever by the CRAs, both Chase and LVNV failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of Mrs. Bever with respect to the

-4-

Disputed Account.

25.     Despite the dispute by Mrs. Bever that the information on her consumer report

was inaccurate with respect to the Disputed Account, the CRAs did not evaluate or consider any

of the information, claims or evidence of Mrs. Bever and did not make an attempt to substantially

reasonably verify that the derogatory information concerning the Disputed Account was

inaccurate.

## COUNT I - ACTION FOR WILLFUL VIOLATION OF THE
## FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, *ET SEQUI*
### ( *AS TO EQUIFAX* )

26.     This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C.

§1681, *et sequi*.

27.     Mrs. Bever realleges and reincorporates herein by reference paragraphs 1 through

25 above as if set forth hereat in full.

28.     Equifax violated 15 U.S.C. §1601(e) by failing to establish or to follow

reasonable procedures to assure maximum possible accuracy in the preparation of the credit

report and credit files that Equifax maintained concerning Mrs. Bever.

29.     Equifax has willfully and recklessly failed to comply with the Act.  The failure of

Equifax to comply with the Act include but are not necessarily limited to the following:

      (a)     the failure to follow reasonable procedures to assure the maximum

possible accuracy of the information reported;

      (b)     the failure to correct erroneous personal information regarding Mrs. Bever

after a reasonable request by Plaintiff;

      (c)     the failure to remove and/or correct the inaccuracy and derogatory credit

information after a reasonable request by Mrs. Bever;

(d)     the failure to promptly and adequately investigate information which Defendant had notice was inaccurate;

(e)     the continual placement of inaccurate information into the credit report of the consumer after being advised by the consumer that the information was inaccurate;

(f)     the failure to note in the credit report of the consumer that the consumer disputed the accuracy of the information;

(g)     the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and

(h)     the failure to take adequate steps to verify information that Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

30.     As a result of the conduct, action and inaction of Equifax, Mrs. Bever suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

31.     The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. §1681(n).

32.     Mrs. Bever is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n(a)(3).

WHEREFORE, Plaintiff, Dorothy Bever, an individual, demands judgment in her favor against Defendant, Equifax Information Services, LLC, a Georgia limited liability company, for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §1681n.

## COUNT II - ACTION FOR NEGLIGENT VIOLATION OF THE
## FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, *ET SEQUI*
### ( *AS TO EQUIFAX* )

33.    This is an action for negligent violation of the Fair Credit Reporting Act, 15

U.S.C. Section 1681, *et seq.*, exclusive of interest, costs and attorneys fees.

34.    Mrs. Bever realleges and incorporates herein by reference paragraphs 1 through 25

as if set forth hereat in full.

35.    Equifax violated 15 U.S.C. §1681i(a) by failing to delete inaccurate information

from the credit file of Mrs. Bever after receiving actual notice of such inaccuracies and

conducting reinvestigation and by failing to maintain reasonable procedures with which to verify

the disputed information in the credit file of Mrs. Bever.

36.    Equifax has negligently failed to comply with the Act.  The failure of Equifax to

comply with the Act include but are not necessarily limited to the following:

(a)     the failure to follow reasonable procedures to assure the maximum

possible accuracy of the information reported;

(b)     the failure to correct erroneous personal information regarding Mrs. Bever

after a reasonable request by Plaintiff;

(c)     the failure to remove and/or correct the inaccuracy and derogatory credit

information after a reasonable request by Mrs. Bever;

(d)     the failure to promptly and adequately investigate information which the

Defendant had notice was inaccurate;

(e)     the continual placement of inaccurate information into the credit report of

the consumer after being advised by the consumer that the information was inaccurate;

-7-

(f)     the failure to note in the credit report of the consumer that the consumer disputed the accuracy of the information;

(g)     the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and

(h)     the failure to take adequate steps to verify information that Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

37.     As a result of the conduct, action and inaction of Equifax, Mrs. Bever suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

38.     The conduct, action and inaction of Equifax was negligent, entitling Mrs. Bever to recover damages under 15 U.S.C. §1681o.

39.     Mrs. Bever is entitled to recover reasonable attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o.

WHEREFORE, Plaintiff, Dorothy Bever, an individual, demands judgment in her favor against Defendant, Equifax Information Services, LLC, a Georgia limited liability company, for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §1681n.

### COUNT III - ACTION FOR WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, *ET SEQUI* ( *AS TO TRANSUNION* )

40.     This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et sequi.*

41.     Mrs. Bever realleges and reincorporates herein by reference paragraphs 1 through 25 above as if set forth hereat in full.

-8-

42.     TransUnion violated 15 U.S.C. §1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning Mrs. Bever.

43.     TransUnion has willfully and recklessly failed to comply with the Act.  The failure of TransUnion to comply with the Act include but are not necessarily limited to the following:

(a)     the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

(b)     the failure to correct erroneous personal information regarding Mrs. Bever after a reasonable request by Plaintiff;

(c)     the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Mrs. Bever;

(d)     the failure to promptly and adequately investigate information which Defendant had notice was inaccurate;

(e)     the continual placement of inaccurate information into the credit report of the consumer after being advised by the consumer that the information was inaccurate;

(f)     the failure to note in the credit report of the consumer that the consumer disputed the accuracy of the information;

(g)     the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and

(h)     the failure to take adequate steps to verify information that TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

44.     As a result of the conduct, action and inaction of TransUnion, Mrs. Bever suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

45.     The conduct, action and inaction of TransUnion was willful, rendering TransUnion liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. §1681(n).

46.     Mrs. Bever is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n(a)(3).

WHEREFORE, Plaintiff, Dorothy Bever, an individual, demands judgment in her favor against Defendant, TransUnion, LLC, a Delaware limited liability company, for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §1681n.

## COUNT IV - ACTION FOR NEGLIGENT VIOLATION OF THE
## FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, *ET SEQUI*
### ( *AS TO TRANSUNION* )

47.     This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C.Section 1681, *et seq.*, exclusive of interest, costs and attorneys fees.

48.     Mrs. Bever realleges and incorporates herein by reference paragraphs 1 through 25 as if set forth hereat in full.

49.     TransUnion violated 15 U.S.C. §1681i(a) by failing to delete inaccurate information from the credit file of Mrs. Bever after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of Mrs. Bever.

50.     TransUnion has negligently failed to comply with the Act.  The failure of

TransUnion to comply with the Act include but are not necessarily limited to the following:

(a)      the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

(b)      the failure to correct erroneous personal information regarding Mrs. Bever after a reasonable request by Plaintiff;

(c)      the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Mrs. Bever;

(d)      the failure to promptly and adequately investigate information which the Defendant had notice was inaccurate;

(e)      the continual placement of inaccurate information into the credit report of the consumer after being advised by the consumer that the information was inaccurate;

(f)      the failure to note in the credit report of the consumer that the consumer disputed the accuracy of the information;

(g)      the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and

(h)      the failure to take adequate steps to verify information that TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

51.      As a result of the conduct, action and inaction of TransUnion, Mrs. Bever suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

52.      The conduct, action and inaction of TransUnion was negligent, entitling Mrs. Bever to recover damages under 15 U.S.C. §1681o.

53.     Mrs. Bever is entitled to recover reasonable attorney's fees and costs from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o.

WHEREFORE, Plaintiff, Dorothy Bever, an individual, demands judgment in her favor against Defendant, TransUnion, LLC, a Delaware limited liability company, for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §1681n.

### COUNT V - ACTION FOR WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, *ET SEQUI* ( *AS TO EXPERIAN* )

54.     This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et sequi.*

55.     Mrs. Bever realleges and reincorporates herein by reference paragraphs 1 through 25 above as if set forth hereat in full.

56.     Experian violated 15 U.S.C. §1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning Mrs. Bever.

57.     Experian has willfully and recklessly failed to comply with the Act.  The failure of Experian to comply with the Act include but are not necessarily limited to the following:

        (a)     the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

        (b)     the failure to correct erroneous personal information regarding Mrs. Bever after a reasonable request by Plaintiff;

        (c)     the failure to remove and/or correct the inaccuracy and derogatory credit

information after a reasonable request by Mrs. Bever;

> (d)  the failure to promptly and adequately investigate information which Defendant had notice was inaccurate;

> (e)  the continual placement of inaccurate information into the credit report of the consumer after being advised by the consumer that the information was inaccurate;

> (f)  the failure to note in the credit report of the consumer that the consumer disputed the accuracy of the information;

> (g)  the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and

> (h)  the failure to take adequate steps to verify information that Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

58.  As a result of the conduct, action and inaction of Experian, Mrs. Bever suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

59.  The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. §1681(n).

60.  Mrs. Bever is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n(a)(3).

WHEREFORE, Plaintiff, Dorothy Bever, an individual, demands judgment in her favor against Defendant, Experian Information Solutions, Inc., an Ohio corporation, for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §1681n.

## COUNT VI - ACTION FOR NEGLIGENT VIOLATION OF THE
## FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, *ET SEQUI*
### ( *AS TO EXPERIAN* )

61.     This is an action for negligent violation of the Fair Credit Reporting Act, 15

U.S.C. Section 1681, *et seq.*, exclusive of interest, costs and attorneys fees.

62.     Mrs. Bever realleges and incorporates herein by reference paragraphs 1 through 25

as if set forth hereat in full.

63.     Experian violated 15 U.S.C. §1681i(a) by failing to delete inaccurate information

from the credit file of Mrs. Bever after receiving actual notice of such inaccuracies and

conducting reinvestigation and by failing to maintain reasonable procedures with which to verify

the disputed information in the credit file of Mrs. Bever.

64.     Experian has negligently failed to comply with the Act. The failure of Experian to

comply with the Act include but are not necessarily limited to the following:

(a)     the failure to follow reasonable procedures to assure the maximum

possible accuracy of the information reported;

(b)     the failure to correct erroneous personal information regarding Mrs. Bever

after a reasonable request by Plaintiff;

(c)     the failure to remove and/or correct the inaccuracy and derogatory credit

information after a reasonable request by Mrs. Bever;

(d)     the failure to promptly and adequately investigate information which the

Defendant had notice was inaccurate;

(e)     the continual placement of inaccurate information into the credit report of

the consumer after being advised by the consumer that the information was inaccurate;

(f)     the failure to note in the credit report of the consumer that the consumer disputed the accuracy of the information;

(g)     the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and

(h)     the failure to take adequate steps to verify information that Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

65.     As a result of the conduct, action and inaction of Experian, Mrs. Bever suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

66.     The conduct, action and inaction of Experian was negligent, entitling Mrs. Bever to recover damages under 15 U.S.C. §1681o.

67.     Mrs. Bever is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o.

WHEREFORE, Plaintiff, Dorothy Bever, an individual, demands judgment in her favor against Defendant, Experian Information Solutions, Inc., an Ohio corporation, for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §1681n.

### COUNT VII - ACTION FOR WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, *ET SEQUI* ( *AS TO CHASE*)

68.     This is an action for willful violation of the Fair Credit Reporting act, 15 U.S.C. §1681, *et sequi*.

69.     Mrs. Bever realleges and reincorporates herein by reference paragraphs 1 through 25 above as if set forth hereat in full.

70.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

71.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Mrs. Bever. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

72.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as Chase must report the results to other agencies which were supplied such information.

73.     Chase violated 15 U.S.C. §1681s by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of Mrs. Bever with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

74.     As a result of the conduct, action and inaction of Chase, Mrs. Bever suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

75.     The conduct, action and inaction of Chase was willful, rendering Chase liable for actual, statutory and punitive damages in an amount to determined by a jury pursuant to 15 U.S.C. §1601n.

-16-

76.     Mrs. Bever is entitled to recover reasonable costs and attorney's fees from Chase in an amount to be determined by the Court pursuant to 15 U.S.C. §1601n.

WHEREFORE, Plaintiff, Dorothy Bever, an individual, demands judgment in her favor against Defendant, Chase Bank, N.A., a national banking association, for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §1681n.

### COUNT VIII - ACTION FOR NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, *ET SEQUI* (*AS TO CHASE*)

77.     This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*

78.     Mrs. Bever realleges and incorporates herein by reference paragraphs 1 through 25 as if set forth hereat in full.

79.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

80.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Mrs. Bever. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

81.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as Chase must report the results to other agencies which were supplied such information.

82.     After receiving the Dispute Notices from the CRAs, Chase negligently failed to conduct its reinvestigation in good faith.

83.     A reasonable investigation would require a furnisher such as Chase to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

84.     The conduct, action and inaction of Chase was negligent, entitling Mrs. Bever to recover actual damages under 15 U.S.C. §1681o.

85.     As a result of the conduct, action and inaction of Chase, Mrs. Bever suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

86.     Mrs. Bever is entitled to recover reasonable attorney's fees and costs from Chase an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o.

WHEREFORE, Plaintiff, Dorothy Bever, an individual, demands judgment in her favor against Defendant, Chase Bank, N.A., a national banking association,  for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §1681n.

### COUNT IX - ACTION FOR WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, *ET SEQUI* ( *AS TO LVNV*)

87.     This is an action for willful violation of the Fair Credit Reporting act, 15 U.S.C. §1681, *et sequi*.

88.     Mrs. Bever realleges and reincorporates herein by reference paragraphs 1 through 25 above as if set forth hereat in full.

89.     Pursuant to the Act, all persons who furnished information to reporting agencies

must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

90.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Mrs. Bever. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

91.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as LVNV must report the results to other agencies which were supplied such information.

92.     LVNV violated 15 U.S.C. §1681s by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of Mrs. Bever with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

93.     As a result of the conduct, action and inaction of LVNV, Mrs. Bever suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

94.     The conduct, action and inaction of LVNV was willful, rendering LVNV liable for actual, statutory and punitive damages in an amount to determined by a jury pursuant to 15 U.S.C. §1601n.

95.     Mrs. Bever is entitled to recover reasonable costs and attorney's fees from LVNV

in an amount to be determined by the Court pursuant to 15 U.S.C. §1601n.

WHEREFORE, Plaintiff, Dorothy Bever, an individual, demands judgment in her favor against Defendant, LVNV Funding, LLC, a Delaware limited liability company, for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §1681n.

### COUNT X - ACTION FOR NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, *ET SEQUI* (*AS TO LVNV*)

96.     This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*

97.     Mrs. Bever realleges and incorporates herein by reference paragraphs 1 through 25 as if set forth hereat in full.

98.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

99.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Mrs. Bever. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

100.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as LVNV must report the results to other agencies which were supplied such information.

101.    After receiving the Dispute Notices from the CRAs, LVNV negligently failed to

-20-

conduct its reinvestigation in good faith.

102.    A reasonable investigation would require a furnisher such as LVNV to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

103.    The conduct, action and inaction of LVNV was negligent, entitling Mrs. Bever to recover actual damages under 15 U.S.C. §1681o.

104.    As a result of the conduct, action and inaction of LVNV,  Mrs. Bever suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

105.    Mrs. Bever is entitled to recover reasonable attorney's fees and costs from LVNV in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o.

WHEREFORE, Plaintiff, Dorothy Bever, an individual, demands judgment in her favor against Defendant, LVNV Funding, LLC, a Delaware limited liability company,  for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §1681n.

### DEMAND FOR JURY TRIAL

Plaintiff, Dorothy Bever, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, Florida 33316
(954) 763-8660 Telephone
(954) 763-8607 Fax
rphyu@aol.com and
rwmurphy@lawfirmmurphy.com

-21-